UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARINA AYALA,

v.  Case No. 8:03-cr-399-T-24MSS
    8:05-cv-879-T-24MSS

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Marina Ayala (Ayala's) motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-123)

BACKGROUND

On November 14, 2003, pursuant to a written plea agreement, Ayala pled guilty to a one-count Indictment that charged Ayala with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § § 846 and 841(b)(1)(a). (Docs. cr-28, cr-51).

Pursuant to the United States Sentencing Guidelines range determined by the Court at sentencing, Defendant's total offense level was 27 with a criminal history category of 1. The imprisonment range was 70 to 87 months.

On March 11, 2004, the Court sentenced Ayala to 70 months incarceration. (Doc. cr-103). Judgment was entered March 12, 2004. (Doc. cr-108).

Ayala did not file a direct appeal. On May 3, 2005, Ayala signed the present section 2255 motion, raising three grounds for relief. First, she claims that she did not receive a

reduction in her sentence based on the safety valve provision in the sentencing guidelines. Second, she claims that she was sentenced in violation of <u>Blakely v. Washington</u>. Third, she claims that she was sentenced in violation of <u>United States v. Booker</u>.

## DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. <u>See</u> 28 U.S.C. § 2255.

### Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final.  Ayala's conviction became final 10 days after the entry of judgment, or March 22, 2004.   See <u>Adams v. United States</u>, 173 F.3d 1339, 1342 (11th

Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires).  Therefore, Ayala had until March 23, 2005, to file a timely section 2255 motion.  She did not do so, and her motion to vacate is time-barred.

Ayala's request to shorten her sentence so that she can "one again see" her 92-year-old father is not an exceptional circumstance that warrants equitable tolling.

<u>Blakely and Booker Do Not Apply Retroactively on Collateral Attack</u>

Furthermore, Ayala's claims based on <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) have no merit, because neither <u>Blakely</u> nor <u>Booker</u> apply retroactively on collateral attack.  See <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir. 2005).

Accordingly, the Court orders:

That Ayala's motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-123) is denied, with prejudice.  The Clerk is directed to enter judgment against Ayala in the civil case and to close that case.

ORDERED at Tampa, Florida, on  May 24, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: James C. Preston, Jr.

Pro se: Marina Ayala